[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
FACTS AND PROCEDURAL HISTORY
On June 12, 1997, the plaintiff, Villager Pond Inc., filed this action against eight defendants sounding in various state and federal constitutional claims. In sum, the plaintiff alleges violations of the takings clause and violation of its due process rights. The first paragraph of the complaint states: "This case is filed pursuant to [General Statutes §] 52-592, within one year of the denial of the [p]etition for [c]ertification to the United States Supreme Court, or dismissal."
In April of 1993, the plaintiff brought a similar action, against the same defendants, in the United States District Court for the District of Connecticut (Docket No. 93CV712).
In May of 1993, the defendants filed a motion to dismiss the federal action on the ground that the plaintiff's claims were not ripe due to the plaintiff's failure to pursue available state remedies. The federal district court granted the motion to dismiss. The Second Circuit affirmed the district court's dismissal of the plaintiff's constitutional takings claim under42 U.S.C. § 1983. The Second Circuit, however, reversed and remanded as to the plaintiff's due process claim. On October 7, 1996, the Supreme Court of the United States denied the plaintiff's petition for certification regarding the takings claim.
On May 31, 1996, following a motion for summary judgment, the due process claim was eventually decided by the district court. CT Page 11891 The plaintiff did not oppose the defendants' motion, and the defendants prevailed.
On July 25, 1997, the defendants filed this motion to dismiss based on three grounds. This court need only address the first ground for dismissal which is: "the court lacks subject matter jurisdiction over the federal claims made in this action because the plaintiff's prior action against these same defendants in federal court on the same claims resulted in judgment for the defendants. Therefore, the plaintiff cannot satisfy the jurisdictional requirements of [General Statutes §] 52-592."
DISCUSSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-6
n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa v. C S BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
General Statutes § 52-592 is entitled "Accidental failure of suit; allowance of new action." Section (d) allows for "the same cause" to be commenced within one year of a dismissal of the action by a federal court, if the federal court dismissed "without trial upon its merits or because of lack of jurisdiction in such court." "[T]he time for bringing the action to the state court shall commence . . . from the final determination of the appeal or writ of error." Id.[1]
The first dispositive issue, for purposes of determining whether this court has jurisdiction under General Statutes §52-592, is whether the plaintiff's federal action is "the same cause" as the present action.
The plaintiff's second count of the present complaint states that the defendants' actions "deprived the plaintiff . . . of its rights to substantive and procedural due process under theFourteenth Amendment of the United States Constitution." (Complaint, Second Count, ¶ 23.) The plaintiff's complaint filed in federal court states that "[t]he defendants . . . deprived the plaintiff of its . . . rights to substantive and procedural due process under the Fourteenth Amendment of the United States CT Page 11892 Constitution." (Federal complaint, Second Count, ¶ 24.) These due process claims are identical.
The plaintiff's takings claim is found in the first count of the complaint filed in the federal action. The plaintiff's first count in the present action is virtually identical to count one in the federal complaint, except for one addition. In the present action, the plaintiff adds "the actions of the defendants were a denial of due process and equal protection." (Complaint, First Count, ¶ 21 (e)). A due process claim, therefore, is found in both counts.
According to the plain language of General Statutes §52-592, in order for this court to take jurisdiction over this action under the statute, the due process claim must not have been tried by the federal courts "upon its merits", or the claim must have been jurisdictionally dismissed.
The due process claim was already decided upon its merits. The federal district court rendered a decision on the merits of the due process claim when it decided the defendants' motion for summary judgment. Fawcett v. Friel, Superior Court, judicial district of Waterbury, Docket No. 115040 (Jan. 4, 1996, Flynn, J.) ("The granting of a motion for summary judgment is a final judgment on the merits for the purposes of res judicata.") As such, General Statutes § 52-592 does not allow this court to take jurisdiction over the due process claim. Since the due process claim is found in both the first and second count, motion to dismiss for lack of subject matter jurisdiction is granted as to the entire complaint.[2]
KARAZIN, J.