[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS
The plaintiff, Mario Paul Mikolitch, seeks a court order which would mandate that the defendant, State of Connecticut, comply with General Statutes §§ 51-27 (a)[1] and 51-27b[2]. The plaintiff is an attorney with an office in New London, Connecticut. His complaint alleges that he has represented thousands of clients at Superior Court Geographical Area No. 10 at New London. Due to the lack of suitable quarters and sufficient offices[3], the plaintiff claims that the efficient operation of the court is compromised and that he is unable to carry out his duties and obligations as an attorney.
The defendant moves to dismiss on the grounds that this court lacks subject matter jurisdiction and that the plaintiff lacks standing to bring this action.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Maver, 218 Conn. 531, 544, 590 A.2d 914 (1991). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong . . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1,4, 675 A.2d 845 (1996). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983).
The State first moves to dismiss the plaintiff's CT Page 2704 complaint on the ground that "the [p]laintiff's action is barred by the doctrine of sovereign immunity . . . ." In support of its motion, the defendant argues that the plaintiff's cause of action against the State fails to fit within one of the exceptions to the bar of sovereign immunity.
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.)Federal Deposit Insurance Corp. , 239 Conn. 93, 99,680 A.2d 1321 (1996). The state is immune from suit unless it consents to be sued. Lacasse v. Burns, 214 Conn. 464, 468,572 A.2d 357 (1990). Through appropriate legislation the General Assembly may "waive the state's sovereign immunity from suit and authorize suits against the state." (Internal quotation marks omitted.) Id.
There are three exceptions to the settled doctrine that the state is immune from suit under the doctrine of sovereign immunity: (1) an action where there is a statutory waiver of sovereign immunity and legislative consent to suit; seeLacasse v. Burns, supra, 214 Conn. 468; (2) an action based on a substantial claim that the state has violated a constitutional right of the plaintiff; see Horton v. Meskill,172 Conn., 615, 623-25, 376 A.2d 359 (1977); and (3) an action based on a substantial claim that a state official has violated the plaintiff's rights by acting in excess of his statutory authority. See Antinerella v. Rioux, 229 Conn. 479,488, 642 A.2d 699 (1994).
In opposition to the State's motion to dismiss, the plaintiff argues that his action fits within the first exception, an action where there is a statutory waiver of sovereign immunity and legislative consent to suit. A clear intent to waive sovereign immunity, however, must be indicated "by the use of express terms or by force of necessary implication." (Internal quotation marks omitted.) Struckmanv. Burns, 205 Conn. 542, 558, 534 A.2d 888 (1987). The plaintiff correctly concedes that "[n]either section 51-27 nor section 51-27b contains [any] language which expressly waives the state's sovereign immunity"; instead, he argues "the state has waived its sovereign [immunity] by necessary implication."
Our Supreme Court defines the phrase "necessary implication" to mean that a "probability . . . must be CT Page 2705 apparent, and not a mere matter of conjecture; but . . . [it must be] necessarily such that from the words employed an intention to the contrary cannot be supposed." (Internal quotation marks omitted.) Mahoney v. Lensink, 213 Conn. 548,558 n. 14, 569 A.2d 518 (1990). The statutes relied upon by the plaintiff are not remedial in scope, nor are they part of some comprehensive scheme when read with related statutes which gives rise to a clear legislative intent to waive sovereign immunity. Id., 556-559.
The court cannot entertain "a mere matter of conjecture" to find the legislature necessarily implied that §§ 51-27 and51-27b waived the State's sovereign immunity. The court is unaware of any legislative history which expresses the legislature's intent to waive sovereign immunity, and was unable to find judicial precedent interpreting the statutes in a manner consistent with the plaintiff's argument. "Where there is any doubt about the meaning or intent of a statute in derogation of sovereign immunity, it is given the effect which makes the least rather than the most change in sovereign immunity." (Internal quotation marks omitted.) FederalDeposit Insurance Corp. , supra, 102.
Accordingly, the defendant's motion to dismiss is granted.[4]
Martin, J.