[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS
"It is the well settled law of this state that a municipal corporation is not liable for negligence in the performance of a government function . . . The legislature has acted to limit governmental immunity in certain circumstances. For example, in General Statutes § 13a-149, the legislature has provided for municipal liability for property damage or personal injuries caused by defective roads and bridges . . . In addition, the legislature has provided for indemnification by municipalities of municipal officers, agents or employees who incur liability for certain of their official conduct." Williams v. City of NewHaven, 243 Conn. 763, 766-68, 707 A.2d 1251 (1998).
"Because it is clear that a municipality enjoys governmental immunity for common-law negligence unless a statute has limited or abrogated that immunity, the plaintiffs cannot prevail. The plaintiffs do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to § 7-465." Williams v. Cityof New Haven, supra, 243 Conn. 769. See also Dezso v. FirstTaxing Dist. of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149817 (March 10, 1998, D'Andrea, J.) (court vacated its previous denial of defendant's motion for summary judgment following the decision in Williams v.CT Page 10708City of New Haven, supra, 243 Conn. 763, because the plaintiffs' complaint failed to invoke any statute which abrogated governmental immunity or name any individual municipal employee). The plaintiff's complaint fails to allege a statute which abrogates governmental immunity[1] or name an individual municipal employee and instead only alleges a cause of action in negligence.[2] The plaintiff now seeks to amend his complaint after the defendant has filed its motion to dismiss the plaintiff's complaint.
"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Figueroa v. C S BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). Accordingly the plaintiff may not now amend his complaint following the defendant's filing of a motion to dismiss.
Therefore, based on the foregoing, the defendant's motion to dismiss is granted.
GILL, J.