[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#105)
I. Facts
The plaintiff, Victor L. Zigmund, Jr., is a patient at the Whiting Forensic Division of the Connecticut Valley Hospital in Middletown, Connecticut (Whiting). He brought this pro se action by complaint filed February 23, 1999 against a number of Whiting employees in their official and individual capacities.[1] The complaint consists of six counts.
Count one alleges a violation of the Patients' Bill of Rights, General Statutes § 17a-541.[2] Count two alleges a violation of the Patients' Bill of Rights, General Statutes §17a-542.[3] Count three alleges a violation of Article First, Section 10, of the Connecticut Constitution.[4] Count four alleges a violation of Article First, Section 14 of the Connecticut Constitution.[5] Count five alleges a due process violation of the Fourteenth Amendment to the United States Constitution. Lastly, count six alleges that the defendants have chilled the plaintiff's exercise of his right of access to the courts and right to petition the government for the redress of grievances under the First Amendment to the United States Constitution and that the defendants have punished him for exercising these rights.
In his prayer for relief, the plaintiff requests the following: a temporary and permanent injunction that the defendants cease and desist from engaging in actions which punish him for exercising his right of access to the courts or interfere with the exercise of such rights; damages pursuant to General Statutes § 17a-550 and 42 U.S.C. § 1983 for the deprivation of his civil rights; and a declaratory judgment holding that the defendants violated his civil rights.
The defendants move to dismiss the plaintiff's complaint on CT Page 15074 the ground that the court lacks subject matter jurisdiction.
II. Standard
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Brackets in original; citation omitted; internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
III. Discussion
Counts one through six arise out of the care that the plaintiff has received at Whiting. Typically, the courts have granted broad discretion to health care professionals regarding the appropriate treatment plans for patients. See Mahoney v.Lensink, 213 Conn. 548, 566-67, 569 A.2d 518 (1990).
A. Section 17a-550 claims for relief
The defendants argue that the plaintiff's claims for damages under General Statutes § 17a-550[6] for violation of the Patients' Bill of Rights as to the defendants in their individual capacities are improper because such claims can be brought only against the state, not state officials in their individual capacities. The defendants further argue that the plaintiff's claims for damages under § 17a-550 must fail as to the defendants in their individual capacities because the allegations do not demonstrate that the defendants acted in a wanton, reckless or malicious manner necessary to overcome their immunity under General Statutes § 4-165.
In his memorandum of law in opposition to the defendants' motion to dismiss, the plaintiff argues that in all six counts of the complaint he is suing the defendants in their official capacities for damages and injunctive relief under § 17a-550. CT Page 15075 The plaintiff further argues that the complaint sufficiently alleges wanton, reckless and malicious conduct that deprives the defendants in their individual capacities of the protection of § 4-165.
There is no personal or individual liability of state employees created by § 17a-550. See Bradley v. CentralNaugatuck Valley Help, Superior Court, judicial district of Waterbury, Docket No. 126436 (February 20, 1997, VertefeuilleJ.). Under § 4-165[7], however, a state employee may be liable in his individual capacity for a violation of §17a-550 if the employee's actions are wanton, reckless or malicious.
The plaintiff generally alleges that the actions of the defendants were "willful, wanton, and reckless" as well as "intentional, arbitrary, and punitive." Nevertheless, he has failed to allege any actions on behalf of the defendants that rise above allegations of mere negligence. "In making a claim for willful or malicious conduct, the plaintiff must do more than merely incorporate those words into the complaint. . . . The complaint must make a specific allegation setting out the conduct that is claimed to be reckless or malicious. . . ." (Citation omitted; internal quotation marks omitted.) Sidarweck v. Quaezar,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345429 (November 26, 1997, Skolnick, J.). Therefore, the defendants, as individuals, are protected from the plaintiff's claims by § 4-165.
Accordingly, with respect to counts one through six, to the extent that the plaintiff seeks damages from the defendants in their individual capacities under § 17a-550, the motion to dismiss is granted.[8]
B. Section 1983 claims for relief
The defendants argue that the plaintiff's claims for monetary damages under 42 U.S.C. § 1983 against the defendants in their official capacities are barred by the doctrine of sovereign immunity. In response, the plaintiff argues that, with respect to counts five and six, he is suing the defendants in their individual capacities for monetary damages under § 1983, and is suing the defendants in their official capacities for injunctive and declaratory relief under § 1983. CT Page 15076
Section 1983 "provides a civil claim for damages against anyperson who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States."[9] (Emphasis added.) Thomas v.Roach, 165 F.3d 137, 149 (2d Cir. 1999). "[N]either a State nor its officials acting in their official capacities are persons under § 1985." (Internal quotation marks omitted.) Will v.Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Suits against the states, including § 1983 claims, are barred by the doctrine of sovereign immunity "unless the state, by appropriate legislation, consents to be sued." Federal DepositIns. Co. v. Peabody, N.E., Inc., supra, 239 Conn. 101.
Nevertheless, the Connecticut Supreme Court has held that sovereign immunity is not a defense in an action seeking declaratory or injunctive relief. See Doe v. Heintz,204 Conn. 17, 31-32, 526 A.2d 1318 (1987). In addition, state officials may be held personally liable for damages under § 1983 when sued in their individual capacities. See Hafer v. Melo, 502 U.S. 21,30-31 (1991).
Accordingly, with respect to counts five and six, to the extent that the plaintiff seeks to sue the defendants for damages in their official capacities under § 1983, the motion to dismiss is granted.[10]
C. Claims for injunctive relief under counts three and four
Lastly, the defendants argue that the plaintiff's claims for injunctive relief under counts three and four should be dismissed because the plaintiff has failed to exhaust his administrative remedies pursuant to General Statutes § 17a-451(t). The plaintiff argues that he is seeking injunctive relief under §17a-550 for the defendants' alleged violations of the Connecticut Constitution set forth in counts three and four.
Section 17a-451(t) provides, in pertinent part, that "[t]he commissioner shall adopt regulations to establish a fair hearing process which provides the right to appeal final determinations of the Mental Health Division of the Department of Mental Health and Addiction Services. . . . Any person . . . who is aggrieved by a violation of sections 17a-540 to 17a-549, inclusive, may elect to either use the procedure specified in this subsection or file for remedies under section 17a-550." CT Page 15077
Accordingly, because § 17a-451(t) specifically provides that a plaintiff may choose to file suit under § 17a-550, the plaintiff's claims for injunctive relief under § 17a-550 for the alleged violations in counts three and four are proper.
IV. Conclusion
For the reasons herein stated, the defendants' motion to dismiss the plaintiff's complaint, to the extent that the plaintiff seeks damages from the defendants in their individual capacities under § 17a-550 for the violations alleged in counts one through six and to the extent that the plaintiff seeks to sue the defendants for damages in their official capacities under § 1983, ought to be and is hereby granted.
It is so ordered.
By the court
Arena, J.