# CARLOS FIGUEROA ET AL. *v.* C AND S BALL BEARING ET AL.
## (15241)

Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued November 30, 1995—officially released May 14, 1996

*Houston Putnam Lowry*, for the appellant (plaintiff Veterans Memorial Medical Center).

*William J. McCullough*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant state of Connecticut).[1]

*Charlene M. Russo* filed a brief for Aetna Casualty and Surety Company as amicus curiae.

BERDON, J. This appeal from a decision of the compensation review board (board) raises the issue of whether, under the Workers' Compensation Act (act),[2] the workers' compensation commission (commission) has jurisdiction to hear cases brought by a medical provider seeking payment for medical services provided to an injured employee.

The facts of this case are not in dispute. The plaintiff Veterans Memorial Medical Center (plaintiff) provided medical services to a number of individuals who claimed to have been injured in connection with their employment.[3] The plaintiff notified the individuals'

---

[1] As the employer in four of the consolidated cases, the state is a defendant and has chosen to participate in this appeal. The other employers have not taken part in this appeal.

[2] General Statutes § 31-275 et seq.

[3] The individual employees to whom the medical services were provided were also named as plaintiffs in these cases. The employees, however, are not involved in this consolidated appeal.

respective employers concerning the services provided. Along with the notification, the plaintiff included a bill for its services. A number of these bills were never paid. Thereafter, the plaintiff requested an informal hearing before the commission seeking compensation for each of those outstanding bills. Hearings were scheduled, but then postponed indefinitely by order of the commission's chairperson.[4] The plaintiff then consolidated its outstanding claims and appealed to the board pursuant to General Statutes § 31-301 (a). In none of the cases involved in this appeal[5] did the employee in question submit a claim for workers' compensation benefits. On January 20, 1995, the board issued a written decision in which it dismissed the appeal for lack of subject matter jurisdiction. The board held that the commission "lack[ed] jurisdiction over the res as no claim was asserted by the alleged employees of their right to [workers' compensation] benefits." The board further concluded that "a medical provider [does not have] standing before this commission in the absence of a claim by an injured employee or his dependent(s) for benefits under [the act]. Without, at the very least, an underlying assertion by a claimant to an entitlement of workers' compensation benefits, there is no basis upon which a commissioner would inquire as to the medical services provided." The plaintiff then appealed to the

---

[4] Commissioner John Arcudi, in a dissent to the chairperson's order, wrote that: "Ordering an indefinite postponement of hearings in eighteen cases . . . is an adjudicatory act because it deprives the provider of its right to present evidence before a commissioner on the basis of which the commissioner may adjudicate its claim. The distinction between 'indefinite postponement' and 'denial' of a hearing is merely a semantic one. The order denied hearings and therefore denied due process." Because we find that the commission lacked subject matter jurisdiction, we need not reach the issue of whether an indefinite postponement is within the statutory authority of the chairperson or whether it constitutes a deprivation of due process.

[5] In one case that is not subject to this appeal, it was determined that a claim for workers' compensation benefits had been filed by the employee. That case was remanded by the board for a hearing on the plaintiff's claim.

Appellate Court, and the case was subsequently transferred to this court, pursuant to General Statutes § 51-199 (c) and Practice Book § 4023. We agree, in part, with the reasoning of the board and affirm its decision.[6]

"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . .

"This concept, however, is not limited to courts. Administrative agencies [such as the commission] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. . . . We have recognized that [i]t is clear that an administrative body must act strictly within its statutory authority, within constitutional limitations and in a lawful manner. . . . It cannot modify, abridge or otherwise change the statutory provisions, under which it acquires authority unless the statutes expressly grant it that power. . . .

"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Subject matter jurisdiction, unlike jurisdiction of the person,

---

[6] Subsequent to filing this appeal, as the plaintiff noted in its reply brief, the board, on August 15, 1995, ordered that the plaintiff was entitled to a hearing with respect to two of the individual employees, Eddie Fluker and Lisa Chabot: "On the basis of the commissioner's electronic records it appears [that] a claim relating to [Fluker and Chabot] may exist. The matter should therefore be scheduled for a hearing." (Compensation Review Board Case No. 3063 CRB-8-95-5.) Accordingly, the plaintiff's appeals with respect to Fluker and Chabot are moot and therefore dismissed.

cannot be created through consent or waiver." (Citations omitted; internal quotation marks omitted.) *Castro* v. *Viera*, 207 Conn. 420, 427–30, 541 A.2d 1216 (1988).

Under the act, before the commission has jurisdiction to hold a hearing to determine whether a party is entitled to compensation, a written notice of claim must be filed with either the employer or a workers' compensation commissioner; General Statutes § 31-294c (a);[7] or one of the statutory jurisdictional alternatives must be satisfied. General Statutes § 31-294c (c). Pursuant to § 31-294c (c), the commission may acquire jurisdiction if, within the applicable period of time: (1) there has been a hearing or a written request for a hearing or an assignment for a hearing; (2) a voluntary agreement has been submitted within the applicable period; or (3) the employer has furnished the employee, for the respective work related injury, with medical or surgical care as provided in General Statutes § 31-294d.[8] Accordingly, a

---

[7] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. An employee of the state shall send a copy of the notice to the commissioner of administrative services. . . ."

[8] Merely because the commission has jurisdiction does not render an employee's workers' compensation claim compensable. See *Crochiere* v. *Board of Education*, 227 Conn. 333, 349, 630 A.2d 1027 (1993) ("[T]o recover for an injury under the act, a plaintiff must prove that the injury is causally connected to the employment. To prove causal connection, a plaintiff must demonstrate that the injury claimed [1] arose out of the employment, and [2] in the course of the employment. . . . Proof that the injury arose out of the employment relates to the time, place and circumstances of the

notice of claim or the satisfaction of one of the statutory exceptions is a prerequisite that conditions whether the commission has subject matter jurisdiction under the act. *Collins* v. *West Haven*, 210 Conn. 423, 430, 555 A.2d 981 (1989); see also *Rice* v. *Vermilyn Brown, Inc.*, 232 Conn. 780, 786, 657 A.2d 616 (1995); *Crochiere* v. *Board of Education*, 227 Conn. 333, 348–49, 630 A.2d 1027 (1993); J. Asselin, Connecticut Workers' Compensation Practice Manual (1985) p. 11.

I

In ascertaining whether the commission's jurisdiction was properly invoked, we first focus on the notice of claim requisite. The plaintiff argues that the act does not restrict who may provide notice of a claim, and that the notices that it sent to the respective employers regarding the services it rendered satisfied the jurisdictional requisite. The question, therefore, becomes whether a medical provider may furnish the requisite notice on behalf of the employee in order to initiate a workers' compensation claim.

Although the statute does not explicitly state that an "employee" shall provide the notice of claim, it is clear from a reading of the act that employees, not medical providers or other third parties, have standing to initiate a claim. "It is a basic tenet of statutory construction that the intent of the legislature is to be found not in an isolated phrase or sentence but, rather, from the statutory scheme as a whole." *State* v. *Breton*, 235 Conn. 206, 226, 663 A.2d 1026 (1995). Therefore, "[a] statute should be read as a whole and interpreted so as to give effect to all of its provisions." *Pintavalle* v. *Valkanos*, 216 Conn. 412, 418, 581 A.2d 1050 (1990); see also *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 646, 662 A.2d 1251 (1995); *State* v. *Spears*,

injury. . . . Proof that the injury occurred in the course of the employment, means that the injury must occur [a] within the period of the employment; [b] at a place the employee may reasonably be; and [c] while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it." [Citations omitted; internal quotation marks omitted.]).

234 Conn. 78, 91, 93, 662 A.2d 80 (1995). Furthermore, a statute must be read in light of the purpose it intends to serve. *Conservation Commission* v. *Price*, 193 Conn. 414, 426, 479 A.2d 187 (1984).

The act was specifically designed to benefit injured *employees*. *Crochiere* v. *Board of Education*, supra, 227 Conn. 349 ("purpose of the act is to compensate employees for injuries 'arising out of and in the course of employment,' without regard to fault, by imposing a form of strict liability on employers"). In at least two ways, the statutory scheme reflects this intention and requires that the injured *employee* invoke the commission's jurisdiction by furnishing the required notice if he wishes to take advantage of the act. First, General Statutes § 31-294b focuses directly on the *employee* by requiring him to report the nature of his injury to his employer ("Any employee who has sustained an injury in the course of his employment shall immediately report the injury to his employer . . . . If the employee fails to report the injury immediately, the commissioner may reduce the award of compensation proportionately . . . ."). Second, § 31-294c provides that only the dependents or legal representatives of a deceased *employee* may initiate a claim on an employee's behalf ("a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation"). In view of the purpose of the act and the legislative scheme, we conclude that a medical provider does not have the statutory authority to furnish the notice required of an employee to invoke the jurisdiction of the commission.

The plaintiff also claims that as a medical provider it independently has standing to initiate a claim under the act.[9] No statutory authority, however, is cited by

[9] "[S]tanding has jurisdictional implications." *Middletown* v. *Hartford Electric Light Co.*, 192 Conn. 591, 595, 473 A.2d 787 (1984). "Standing focuses on whether a party is the proper party to request adjudication of the issues . . . . It is a basic principle of law that a plaintiff must have standing for

the plaintiff for this proposition. Rather, the plaintiff cites several decisions of the board.[10] In particular, the plaintiff cites *Gonzalez* v. *Electric Transport (Penske)*, 13 Conn. Workers' Comp. Rev. Op. 6, 7–8 (1994), wherein the commissioner held that "the medical provider stands in the shoes of the claimant . . . [and] has the same right to a hearing and award as does the claimant." *Gonzalez* and the other decisions cited by the plaintiff do not, however, hold that a medical provider has an independent basis for standing *to initiate a claim* under the act. The issue presented in each of the decisions cited by the plaintiff concerned *the amount of compensation* to which the medical provider was entitled. In each of those cases, the issue of compensation due the medical provider was addressed only after the jurisdiction of the commission had been appropriately invoked by either the employee or the employer.

The state concedes that "once jurisdiction has been established, it is clear that the medical provider does have standing before the commission." Professor Arthur Larson, in his treatise on workers' compensation, concurs and notes that "[t]he rights of a [medical provider] to recover fees in a compensable case are derivative; that is, there must first have been compensation claim proceedings initiated by the employee or employer. The [medical provider] has no independent standing to make claims within the compensation system, unless this right has been expressly created by

the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion." (Internal quotation marks omitted.) *Weidenbacher* v. *Duclos*, 234 Conn. 51, 61–62, 661 A.2d 988 (1995).

[10] The plaintiff cited the following cases in support of its assertion that a medical provider has standing to bring a claim for compensation: *Gonzalez* v. *Electric Transport (Penske)*, 13 Conn. Workers' Comp. Rev. Op. 6 (1994); *Derman* v. *Norwalk*, 8 Conn. Workers' Comp. Rev. Op. 100 (1990); *Tanner* v. *Walgren Tree Experts*, 8 Conn. Workers' Comp. Rev. Op. 16 (1990); and *Tanner* v. *Walgren Tree Experts*, 6 Conn. Workers' Comp. Rev. Op. 129 (1989).

statute." 2 A. Larson, Workmen's Compensation (1995) § 61.12 (k). We note that when confronted with this exact issue, the Commonwealth Court of Pennsylvania held that a "medical services provider, simply has no standing in the workmen's compensation forum to make a claim on its own where there is no subsisting liability or proceeding established on behalf of the injured [employee] or his dependents."[11] *Medical College of Pennsylvania* v. *Workmen's Compensation Appeal Board*, 139 Pa. Commw. 632, 591 A.2d 338, 340 (1991).

The filing of a workers' compensation claim is not required by law for every injury an employee may sustain while at work. An injured employee has the option of taking advantage of the act.[12] Rather than filing a claim, an employee may want to pay for his treatment personally or have it paid through other means. If an employee decides not to utilize the act, however, he exposes himself to liability for the services performed by a medical provider. A medical provider, however, does not have standing to invoke the jurisdiction of the commission by giving notice on behalf of the employee or by independently filing a claim.

In the present case, the board determined that none of the employees in question who received treatment from the plaintiff invoked the jurisdiction of the com-

---

[11] The pertinent Pennsylvania statute provides in relevant part: "If, after any injury, the employer or his insurer and the employe[e] or his dependent, concerned in any injury, shall fail to agree upon the facts thereof or the compensation due under this act, the employe[e] or his dependents may present a claim petition for compensation to the department. . . ." Pa. Stat. Ann. tit. 77, § 751 (West 1992). The Pennsylvania statute states explicitly what the Connecticut statute states implicitly: With a few statutory exceptions, the employee or his dependents must file a claim to invoke the jurisdiction of the commission.

[12] Should an employee decide to forgo the benefits offered under the act, the employee is still limited to the legal recoveries permitted under the act. See General Statutes §§ 31-284 and 31-293a.

mission by filing a claim. With respect to the one individual employee who had filed a claim, the board remanded that case for a hearing.[13]

## II

Nevertheless, our inquiry regarding jurisdiction does not end here. The plaintiff argues that it is entitled to a hearing before the commission to determine whether the commission's jurisdiction was invoked in some manner.[14] We agree in part with the plaintiff.

It is fundamental that a court has jurisdiction to determine its own jurisdiction. *Chrysler Credit Corp.* v. *Fairfield Chrysler-Plymouth, Inc.*, 180 Conn. 223, 227, 429 A.2d 478 (1980). "It should be no different concerning the matter of the jurisdiction under the Workers' Compensation Act, where the commissioner's jurisdiction is confined by the Act and limited by its provisions." (Internal quotation marks omitted.) *Castro* v. *Viera*, supra, 207 Conn. 430.

An important distinction, however, must be made between tribunals of general jurisdiction as opposed to those of limited jurisdiction. Because courts of general jurisdiction are presumed to have jurisdiction, jurisdictional facts need not be alleged or proved to establish the court's subject matter jurisdiction. *State ex rel. Morris* v. *Bulkeley*, 61 Conn. 287, 374, 23 A. 186 (1892); 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 7f. This presumption of jurisdiction, however, does not apply to tribunals of limited jurisdiction, such

---

[13] See footnote 5.

[14] After this issue was raised at oral argument, we ordered the parties, and invited the amicus, to file supplemental briefs on whether the commission has jurisdiction to determine its own subject matter jurisdiction. In particular, we requested that the briefs "indicate the nature of the allegations that must be made by a medical provider, as well as any other requirements that must be satisfied, in order to obtain an informal hearing before the commission to determine jurisdiction."

as the commission.[15] Rather, the party seeking to invoke the jurisdiction of such a tribunal must allege and prove the necessary jurisdictional facts. *Griswold* v. *Mather*, 5 Conn. 435, 439 (1825) ("facts requisite to show that they have cognizance, in any given case, must be averred"); 1 E. Stephenson, supra, § 7f. Because the commission is a tribunal of limited jurisdiction, and because a medical provider has no standing to invoke the jurisdiction of the commission, we conclude that a medical provider must, in good faith, allege sufficient facts that, if proven, would invoke the commission's jurisdiction before the commission is required to hold a hearing to determine whether it in fact does have jurisdiction.[16]

In the present case, the plaintiff, in each of its requests for a hearing, merely alleged that it sought payment for the medical services that it had provided to an injured employee, the date the services were provided, the name and address of the employee, and the name of the employer and its insurer. The plaintiff failed to allege any jurisdictional facts, such as whether the employee provided his employer with adequate notice of his injury, or whether the employer furnished the employee with medical services. See General Statutes § 31-294c (c). Consequently, the plaintiff's allegations were insufficient to invoke the commission's jurisdiction to determine whether it had subject matter jurisdiction.

The decision of the board is affirmed.

In this opinion the other justices concurred.

---

[15] "An administrative agency, as a tribunal of limited jurisdiction, must act strictly within its statutory authority." (Internal quotation marks omitted.) *State* v. *State Employees' Review Board*, 231 Conn. 391, 406, 650 A.2d 158 (1994).

[16] General Statutes § 31-298 provides that "no formal pleadings shall be required" of either party. A medical provider can become a "party" to a workers' compensation hearing only after the jurisdiction of the commission has been established.