[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS, NO. 103
The motion to dismiss is denied as to the first and third counts, as the court has subject matter jurisdiction "to hear and determine cases of the general class to which the [allegations of the complaint] belong." Figueroa v. C S Ball Bearing,237 Conn. 1, 4 (1996).
The motion to dismiss as to the second count is granted. The claim I brought pursuant to Connecticut General Statutes §38a-553 is preempted by ERISA 29 U.S.C. § 1144(a).
The plaintiff alleges that the defendant, Danbury Hospital, failed to pay certain amounts due on her behalf for medical services she alleges are covered by the Plan.
"[S]uch . . . a determination of an employee's eligibility, [and] the nature and amount of employee benefits," is related to the provisions of ERISA. (See Napoletano v. Cigna Healthcare ofConnecticut, Inc., 238 Conn. 216, 243 (1996).)
The court must consider the allegations in their most favorable light; however, the court must also decide the issue of preemption on the existing record alone. Barden v. Board ofTrustees, 207 Conn. 59, 62 (1988).
Leheny, J.