[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Keishiro Matsumoto, appeals from a decision of the Commission on Human Opportunities (CHRO) in which the Commission dismissed the plaintiff's application. Matsumoto alleges that he applied to the CHRO, for an investigation into alleged discriminatory practices at Southern Connecticut State University. The CHRO dismissed plaintiff's complaint. Thereafter, the plaintiff filed a request for reconsideration, which the CHRO denied. On March 14, 1997, the CHRO mailed notice of the denial of the reconsideration request, which it sent certified mail. (Return of Record [ROR], Item 1). On May 1, 1997, the plaintiff filed an appeal from the dismissal of his complaint. The CHRO has moved to dismiss this appeal on the ground that this court lacks subject matter jurisdiction, due to the plaintiff's failure to file his appeal within forty-five days of the mailing of notice of the CHRO's final decision, as required by General Statutes § 4-183 (c).
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). Subject matter jurisdiction "is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . . ." (Brackets omitted.) Figueroa v. C SCT Page 12995Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
General Statutes § 46a-94a(a) provides, in pertinent part, that "[t]he Commission on Human Rights and Opportunities, any respondent or any complainant aggrieved by a final order of a presiding officer or any complainant aggrieved by the dismissal of his complaint by the Commission may appeal therefrom in accordance with section 4-183. . . ."
General Statutes § 4-183 (c) provides, in part, that [w]ithin forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court. . . ." Id. "The failure of a party to file an administrative appeal under UAPA within forty-five days required by section 4-183 (c) deprives the trial court of subject matter jurisdiction over the appeal." Commission on Human Rights Opportunities v. Windsor Hall Rest Home, 232 Conn. 181,187, 653 A.2d 181 (1995).
The appeal period began to run on March 14, 1997, the date the CHRO mailed its denial of Matsumoto's request to reconsider.[1]
The appeal was filed on May 1, 1997, and therefore, it was not filed within forty-five days of the CHRO's final decision. Thus, the plaintiff failed to satisfy section 4-183 (c). Therefore, the CHRO's motion to dismiss granted.
Howard F. Zoarski Judge Trial Referee