[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (NO. 101)
Before the court is the Town of Montville's motion to dismiss AES Thames' appeal from the decision of Montville's Board of Assessment. AES Thames filed this appeal, pursuant to General Statutes § 12-117a, in order to have the Montville Board of Assessment's valuation of AES' personal property reduced to its proper value. The basis for the Town of Montville's motion to dismiss is that this court lacks subject matter jurisdiction over the plaintiff's appeal because the plaintiff is not aggrieved. Specifically, the Town of Montville contends that AES Thames cannot be aggrieved because the Board of Assessment valued AES' personal property based on the information which AES submitted to the Board. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa] v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. (Internal quotation marks omitted.) Id.
Again, the defendant claims that this court lacks subject matter jurisdiction because the plaintiff is not aggrieved. Principally, the defendant points to the fact that the assessment of which the plaintiff complains was based on valuation information submitted by the plaintiff. Moreover, the defendant argues that even though the plaintiff later submitted a corrected personal property declaration, the tax assessor could not CT Page 8356 consider this corrected declaration per General Statutes §12-52.
The plaintiff argues that the motion to dismiss should not be granted because the court does have subject matter jurisdiction over this appeal. Specifically, the plaintiff claims that it has sufficiently demonstrated that it is aggrieved by the Board of Assessor's decision and that the Board improperly refused to reduce the assessment.
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principal that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. Section 12-117a empowers the trial court to hear and determine appeals by taxpayers claiming that their property has been overassessed. [T]he trial court's initial function in such an appeal is to determine whether the taxpayer is aggrieved by the board's action, on the grounds that the taxpayer has been overassessed and the board has improperly refused to reduce the assessment. (Citations omitted; internal quotation marks omitted). Konover v. West Hartford,242 Conn. 727, 741, 699 A.2d 158 (1997).
Based on the submitted pleadings and supporting documents in this case, this court finds that the plaintiff is aggrieved. The plaintiff is a taxpayer and the owner of the personal property in question. The November 14, 1996 letter submitted by the plaintiff indicates that the Board's assessment was based on an overvaluation of the property in question. Finally, the statute which the defendant cites as prohibiting consideration of an amended personal property declaration, General Statutes §12-52, does not prohibit such consideration. The defendant does not contest that the plaintiff's first personal property declaration was made and perfected according to law. Rather, the defendant contends that § 12-52 prohibited the assessor from considering an amendment of a declaration perfected according to law. Section 12-52 contains no such prohibition.
Accordingly, this court finds that the plaintiff is aggrieved for purposes of a § 12-117a appeal because the taxpayer has CT Page 8357 alleged an overassessment and that the Board improperly refused to reduce the assessment. Therefore, the defendant's motion to dismiss is denied.
Martin, J.