[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Hospital for Special Care (Hospital) has filed an "Application to Show Cause and Motion to Enforce Subpoena", by which it seeks to have this court compel the defendants to attend and testify at depositions. The Hospital and the defendant Navarro are the parties in a proceeding before the Commission on Human Rights and Opportunities (CHRO) in which the defendant Navarro claims that the Hospital discharged him from employment because of his learning disability.[1] The Hospital has denied Navarro's claim, and the case is at the contested hearing stage.
Since the case entered the contested hearing phase of the CHRO process, the Hospital has made several unsuccessful attempts before the CHRO referee assigned to hear the case to have the defendants ordered to attend depositions for discovery purposes. Rather than take an appeal from those adverse determinations, pursuant to General Statutes § 4-183(b)[2], the Hospital has filed this Application.
In order to have all parties before the court, the requested order to show cause was issued, and the CHRO's motion to be made a party defendant was granted.
Having considered the arguments advanced by the parties in their memoranda, the court dismisses the application for lack of jurisdiction.
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C SBall Bearing, 237 Conn. 1, 4 (1996).
One jurisdictional basis claimed by the Hospital for its motion to enforce the subpoenas is Practice Book § 13-28(d). It is clear from its terms, however, and from the scope of Practice Book rules generally,[3] that this rule provides only for the enforcement of subpoenas issued in connection with a case pending in the Superior Court. There is no such case here. CT Page 12649
The Hospital also relies on General Statutes § 51-85[4]. The legislative history of the 1977 amendment to this statute, which empowered attorneys to issue subpoenas in administrative proceedings, makes it clear, however, that the vice which the amendment was intended to cure was the inability of parties to administrative proceedings directly to compel the attendance of witnesses in "agency hearings"[5] by the issuance of a subpoena and their dependence on the hearing officer to do so. Nowhere is there any mention of depositions. Thus, the enforcement power of the Superior Court provided for in the 1977 amendment can be invoked only if a person disobeys a subpoena to attend and testify at an administrative hearing itself. It is not available to a party under the circumstances here.[6]
The court is aware of no other basis upon which it can exercise jurisdiction over the Hospital's application.
Accordingly, the Hospital's application is dismissed.
BY THE COURT
Shortall, Judge.