[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#112)
Factual and Procedural Background
The pro se plaintiffs, Roy Sastrom and Victor L. Zigmund, are patients at the Whiting Forensic Division of the Connecticut Valley Hospital in Middletown, Connecticut (Whiting). On August 20, 1999, they filed a supplemental complaint (complaint) against the defendants: Carrel S. Mullaney, Chief Executive Officer of Connecticut Valley Hospital; Dr. James Cassidy, Director of Whiting; and Denise Ribble, Assistant Director of Whiting, in their individual and official capacities. The complaint consists of nine counts.
Counts one through four allege violations of General Statutes §§ 17a-541, 17a-542,17a-544, 17a-548, respectively.[1]
Counts five and six allege violations of Article First, Sections 7 and10 of the Connecticut Constitution, respectively.[2] Counts seven through nine allege violations of the Fourth, Eighth andFourteenth Amendments to the United States Constitution, respectively.
In their prayer for relief, the plaintiffs request: a permanent injunction for the defendants' alleged violations of the patients' bill of rights, the Connecticut Constitution, and CT Page 15836 the United States Constitution; damages under General Statutes §17a-550 and 42 U.S.C. § 1983 for the defendants' alleged deprivation of the plaintiffs' civil rights; and a declaratory judgment that the defendants violated the plaintiffs' civil rights.
The defendants move to dismiss portions of the plaintiffs' complaint on the ground that the court lacks subject matter jurisdiction. For the reasons stated below, the court grants the defendants' motion to dismiss to the extent that the plaintiffs seek relief from the defendants in their individual capacities under § 17a-550.
Standard
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . ." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Corp. v.Peabody. N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Brackets in original; citation omitted; internal quotation marks omitted.) Figueroa v.C. S. Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
Discussion
In their supporting memorandum of law, the defendants argue that the plaintiffs' claims for relief against them in their individual capacities under General Statutes § 17a-550[3] are improper because such claims can be brought only against the state, not state officials in their individual capacities. The defendants further argue that the plaintiffs' claims for relief against them in their individual capacities under § 17a-550 must fail because the allegations do not demonstrate that they acted in a wanton, reckless or malicious manner necessary to overcome their immunity under General Statutes § 4-165.[4]
In their memorandum of law in opposition to the defendants' motion to dismiss, the plaintiffs argue that with respect to CT Page 15837 their claims under the patients' bill of rights[5], they are suing the defendants in their official capacities for monetary damages and injunctive relief. With respect to those portions of the complaint directed against the defendants in their individual capacities under the patients' bill of rights, the plaintiffs argue that they have sufficiently alleged wanton, reckless and malicious conduct that deprives the defendants of the protection of § 4-165.
There is no personal or individual liability of state employees created by § 17a-550. See Bradley v. Central NaugatuckValley Help, Superior Court, judicial district of Waterbury, Docket No. 126436 (February 20, 1997, Vertefeuille, J.). Under §4-165, however, a state employee may be liable in his individual capacity for a violation of § 17a-550 if the employee's actions are wanton, reckless or malicious.
Wanton, reckless and malicious conduct demonstrates "a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Brackets in original; citations omitted; internal quotation marks omitted.) Elliot v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27
(1998).
In their complaint, the plaintiffs allege that "they have been subjected to abusive, unjustified body cavity searches and searches of their personal property." They specifically allege that they have been subjected to such searches for missing combs, toothbrushes and pens, which, as a matter of Whiting policy, are not allowed to be kept in their possession. The plaintiffs further allege that on August 17, 1999, they were subjected to a body cavity search and a search of their personal property for a piece of vinyl that had been broken off of a table top.
The plaintiffs further allege that "they are subjected to emotional distress by the constant threat of unjustified and CT Page 15838 abusive restraint and seclusion practices" and "that on a regular and frequent basis leather four point restraints to a bed and seclusion are utilized for hours, days and months for the purposes of punishment and convenience." The plaintiffs also allege that, during all times relevant to their complaint, the defendants: were in charge of supervision of policy and procedure at Whiting; acted jointly and in concert with each other; had the opportunity and duty to protect the plaintiffs from the unlawful actions of the other defendants, but each defendant failed and refused to perform such duty; and, lastly, acted in a "willful, wanton and reckless" manner.
Construing the allegations in the manner most favorable to the plaintiffs, the complaint falls to allege facts sufficient to show that the defendants acted in a wanton, reckless or malicious manner. The plaintiffs' allegations are, for the most part, conclusory. The plaintiffs identify one instance where they were subjected to a body cavity search for a piece of vinyl that was broken off of a table.
Whiting is a maximum security facility that renders treatment to persons with psychiatric disabilities who are considered to be dangerous to themselves or others. See General Statutes §17a-561. In light of this, the allegations regarding the search for vinyl do not establish any wanton, reckless or malicious conduct. Moreover, the plaintiffs have supplied no facts to support their allegations of abusive or unjustified body cavity searches and searches of their personal property for combs, toothbrushes or pens; nor facts to support their allegations regarding instances of abusive acts of restraint or seclusion.
Nor have the plaintiffs alleged facts with sufficient particularity for the court to infer that the defendants had the requisite state of mind for wanton, reckless or malicious conduct. As noted, the failure to act to avoid danger to another or the failure to take reasonable precautions to avoid injury to another is not reckless conduct. See Elliott v. Waterbury, supra,248 Conn. 415. Additionally, "[t]he mere use of the words "reckless' and "wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. LafayetteBank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985).
Accordingly, because the plaintiffs have failed to demonstrate that the defendants' conduct was wanton, reckless or malicious, the defendants, as individuals, are protected from the CT Page 15839 plaintiffs' claims for relief under § 17a-550 by § 4-165.
Conclusion
For the foregoing reasons, the court grants the defendants' motion to dismiss the plaintiffs' complaint to the extent that the plaintiffs seek relief from the defendants in their individual capacities under § 17a-550 for the violations alleged in counts one through nine.
It is so ordered.
By the court
Gordon, J.