[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#103)
I. Facts
The plaintiff, James Harris, is a patient at the Whiting Forensic Division of the Connecticut Valley Hospital in Middletown, Connecticut (Whiting). He brought this pro se action by complaint dated April 21, 1999 against the following Whiting employees in their individual and official capacities: Laura Curry, Lead Forensic Treatment Specialist; Edward Brodeur, Lead Forensic Treatment Specialist; Georgia Hutchinson, Nurse; and Gerry Kozman, Nurse. The complaint consists of nine counts.
Count one alleges a violation of the "Commissioner of the Department of Mental Health Policy Statement No. 22-A." Count two alleges a violation of the "Connecticut Valley Hospital's Policy Procedure, Section C, Chapter 10, 10.2 Time Out Procedure."
Counts three through five allege violations of the patients' bill of rights, General Statutes §§ 17a-541, 17a-542, 17a-544, respectively.[1] Counts six and seven allege violations of Article First, Sections 4 and 10 of the Connecticut Constitution, respectively.[2] Counts eight and nine allege violations of theFourteenth and First Amendments to the United States Constitution, respectively.
In his prayer for relief, the plaintiff requests: a temporary and permanent injunction that the defendants cease and desist from engaging in actions "which serve to punish [him] and interfere with . . . the exercise of [his] rights;" damages pursuant to General Statutes § 17a-550 and 42 U.S.C. § 1983
for the deprivation of his civil rights; and a declaratory judgment holding that the defendants violated his civil rights. CT Page 16040
The defendants move to dismiss portions of the plaintiffs complaint on the ground that the court lacks subject matter jurisdiction.
II. Standard
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss . . . ." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Corp. v.Peabody. N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case . . . ." (Brackets in original; citation omitted; internal quotation marks omitted.) Figueroa v.C. S. Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
III. Discussion
A. Section 17a-550 claims for relief
In their supporting memorandum of law, the defendants argue that the plaintiffs claims for relief against them in their individual capacities under General Statutes § 17a-550[3]
are improper because such claims can be brought only against the state, not state officials in their individual capacities. The defendants further argue that the plaintiffs claims for relief against them in their individual capacities under § 17a-550
must fail because the allegations do not demonstrate that they acted in a wanton, reckless or malicious manner necessary to overcome their immunity under General Statutes § 4-165.[4]
In his memorandum of law in opposition to the defendants' motion to dismiss, the plaintiff argues that he is suing the defendants in their official capacities for monetary damages and injunctive relief under § 17a-550. The plaintiff further argues that § 4-165 does not bar his claims for relief under § 17a-550 against the defendants in their individual capacities because the complaint sufficiently alleges wanton, reckless and malicious conduct that deprives the defendants of the protection of § 4-165. CT Page 16041
There is no personal or individual liability of state employees created by § 17a-550. See Bradley v. CentralNaugatuck Valley Help, Superior Court, judicial district of Waterbury, Docket No. 126436 (February 20, 1997, Vertefeuille,J.). Under § 4-165, however, a state employee may be liable in his individual capacity for a violation of § 17a-550 if the employee's actions are wanton, reckless or malicious.
Wanton, reckless and malicious conduct demonstrates "a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Brackets in original; citations omitted; internal quotation marks omitted.) Elliot v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27
(1998).
The plaintiff alleges that the defendants "have instituted a program of punishment against him by unnecessary utilization of non-therapeutic practices concerning time-out and seclusion procedures in violation of his civil rights." The plaintiff also alleges that his clothes and personal property have been "thrown throughout his dorm after staff conducted routine `room checks.'" The plaintiff further alleges that during all times relevant to this action: the defendants acted jointly and in concert with each other; "that each defendant had the duty and opportunity to protect the plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty;" and, lastly, that the defendants' conduct was "arbitrary, intentional, willful, wanton and reckless."
"The mere use of the words `reckless' and "wanton is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985). Moreover, Whiting is a maximum security facility that renders treatment to persons with CT Page 16042 psychiatric disabilities who are considered dangerous to themselves or others. See General Statutes § 17a-561. Typically, the courts have granted broad discretion to health care professionals regarding the appropriate treatment plans for patients at facilities such as Whiting. See Mahoney v. Lensink,213 Conn. 548, 566-67, 569 A.2d 518 (1990). In light of this, construing the allegations in the manner most favorable to the plaintiff, the allegations fail to demonstrate that the defendants acted in a wanton, reckless or malicious manner.
Therefore, the defendants, as individuals, are protected from the plaintiffs claims for relief under § 17a-550 by §4-165. Accordingly, with respect to all counts of the complaint, to the extent that the plaintiff seeks relief from the defendants in their individual capacities under § 17a-550, the motion to dismiss is granted.[5]
B. Section 1983 claims for relief
The defendants argue that the plaintiffs claims for damages under 42 U.S.C. § 1983 against the defendants in their official capacities are barred by the doctrine of sovereign immunity.[6] In response, the plaintiff argues that, with respect to counts eight and nine, he is suing the defendants in their individual capacities for damages under § 1983, and is suing the defendants in their official capacities for injunctive relief under § 1983.
Section 1983 "provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.2d 137, 149
(2d Cir. 1999).[7] "[N]either a State nor its officials acting in their official capacities are persons under § 1983." (Internal quotation marks omitted.) Will v. Michigan Dept. ofState Police, 491 U.S. 58, 71 (1989). Suits against the states, including § 1983 claims, are barred by the doctrine of sovereign immunity "unless the state, by appropriate legislation consents to be sued." Federal Deposit Ins. Co. v. Peabody, N.E.,Inc., supra, 239 Conn. 101.
The Connecticut Supreme Court has held, however, that sovereign immunity is not a defense in an action seeking declaratory or injunctive relief. See Doe v. Heintz,204 Conn. 17, 31-32, 526 A.2d 1318 (1987). In addition, state officials CT Page 16043 may be held personally liable for damages under § 1983 when sued in their individual capacities. See Hafer v. Melo, 502 U.S. 21,30-31 (1991).
Accordingly, with respect to counts eight and nine, to the extent that the plaintiff seeks to sue the defendants for damages in their official capacities under § 1983, the motion to dismiss is granted.[8]
IV. Conclusion
For the reasons herein stated, the defendants' motion to dismiss the plaintiffs complaint, to the extent that the plaintiff seeks relief from the defendants in their individual capacities pursuant to § 17a-550 under all counts of the complaint, and to the extent that the plaintiff seeks to sue the defendants for damages in their official capacities under § 1983, ought to be and is hereby granted.
It is so ordered.
By the court
Rogers, J.