[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#103)
Factual and Procedural Background
The pro se plaintiff, Martin Dickinson, is a patient at the Whiting Forensic Division of the Connecticut Valley Hospital in Middletown, Connecticut (Whiting). On September 7, 1999, he filed a complaint against the defendants: Barbara Kimble Goodman, a registered nurse at Whiting; Marilyn Stewart, Unit Chief and psychiatrist at Whiting; Dr. Sean Hart, unit psychologist at Whiting; and James Cassidy, Director of Whiting, in their individual and official capacities. The complaint consists of seven counts.
Counts one through five allege violations of the patients' bill of rights, General Statutes § 17a-540, et seq. Specifically counts one through five allege violations of §§ 17a-541, 17a-542, 17a-544,17a-546(a) and 17a-547(a), respectively.[1] Count six alleges a violation of Article First, Section 10 of the Connecticut Constitution.[2]
Count seven alleges a violation of the Fourteenth Amendment to the United States Constitution.
In his prayer for relief, the plaintiff requests: a permanent injunction that the defendants cease and desist from depriving him of his rights to treatment, visitation, outside recreation, fresh air and sunshine; damages under General Statutes § 17a-550 and42 U.S.C. § 1983 for the defendants' alleged deprivations of his civil rights; and a declaratory judgment that the defendants violated his civil rights.[3]
The defendants move to dismiss portions of the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction. The plaintiff failed to file a brief in opposition. For the reasons stated below, the court grants the defendants' motion to dismiss to the extent that the plaintiff seeks relief from the defendants in their individual capacities under § 17a-550, and to the extent that the plaintiff seeks to recover money damages from the defendants in their official capacities under § 1983.
Standard
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . ." (Citations omitted; internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996). "[O]nce the question of lack of jurisdiction of a court is CT Page 6327 raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Brackets in original; citation omitted; internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
Discussion
In their supporting memorandum of law, the defendants argue that the plaintiff's claims for relief against them in their individual capacities under § 17a-550 are improper because such claims can be brought only against the state, not state employees in their individual capacities. The defendants further argue that these claims must fail because the allegations do not demonstrate that they acted in a wanton, reckless or malicious manner necessary to overcome their immunity under General Statutes § 4-165.[4]
In his complaint, the plaintiff alleges that on or about October 13, 1998, he was accused of possessing a lag bolt, considered to be contraband at Whiting, which was found under a storage section of his bed. As a result, the defendant, Goodman, informed the plaintiff that he would be placed in locked seclusion until he was evaluated by a physician to determine whether or not he was a danger to himself or others. The plaintiff requested that he be permitted to call his lawyer before the evaluation and to have his lawyer or an advocate present during the evaluation.
These requests were denied and following the plaintiff's evaluation, he was "restricted to the unit and denied all psychiatric treatment and all rehabilitational programs. . . ." Additionally, the plaintiff was denied visitation rights with his family, outside recreation, sunshine and fresh air and was not advised of nor afforded his rights under the Department of Mental Health and Addiction Services Grievance Procedure and the Roe v. Hogan Consent Decree. The plaintiff further alleges that each defendant acted in a willful, wanton and reckless manner and acted jointly and in concert with each other.
There is no personal or individual liability of state employees created by § 17a-550. See Bradley v. Central Naugatuck Valley Help, Superior Court, judicial district of Waterbury, Docket No. 126436 (February 20, 1997, Vertefeuille, J.). Under § 4-165, however, a state employee may be liable in his individual capacity for a violation of § 17a-550 if the employee's actions are wanton, reckless or malicious.
Wanton, reckless and malicious conduct demonstrates "a state of CT Page 6328 conscious with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more then a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Brackets in original; citations omitted; internal quotation marks omitted.) Elliot v. Waterbury, 245 Conn. 385,415, 715 A.2d 27 (1998).
Construing the allegations in the manner most favorable to the plaintiff, the complaint fails to allege facts sufficient to show that the defendants acted in a wanton, reckless or malicious manner. The plaintiff has failed to plead facts with sufficient particularity for the court to infer that the defendants had the requisite state of mind for wanton, reckless or malicious conduct. The plaintiff has merely alleged that each defendant acted in a willful, wanton and reckless manner and, further, that each defendant acted jointly and in concert with each other. "The mere use of the words `reckless' and `wanton' [however] is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,46, 492 A.2d 219 (1985). Moreover, the failure to avoid danger to another or the failure to take reasonable precautions to avoid injury to another is not reckless conduct. See Elliott v. Waterbury, supra,248 Conn. 415.
Furthermore, Whiting is a maximum security facility that renders treatment to persons with psychiatric disabilities who are considered to be dangerous to themselves or others. See General Statutes § 17a-561. The plaintiff is a patient acquittee at Whiting who admitted to committing criminal acts, but was adjudicated not guilty of criminal charges because he was found not to have the capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law. See General Statutes § 53a-13 (a). Typically, the courts have granted broad discretion to health care professionals regarding the appropriate treatment plans for patients at facilities such as Whiting. See Mahoney v. Lensink, 213 Conn. 548, 566-67, 569 A.2d 518 (1990). Accordingly, the allegations fail to demonstrate that the defendants' conduct was wanton, reckless, or malicious, and, therefore, the defendants, as individuals, are protected from the plaintiffs' claims for relief under § 17a-550 by § 4-165. Consequently, to the extent the plaintiff seeks to recover against the defendants in their CT Page 6329 individual capacities under § 17a-550, the motion to dismiss is granted.
The defendants further argue that the doctrine of sovereign immunity bars the plaintiff's claims for monetary relief against them in their official capacities in counts six and seven because the plaintiff has not asserted that he received permission from the claims commissioner to sue the state for monetary damages, nor do said counts cite to a statute that expressly waives the state's sovereign immunity. In the preliminary statement portion of his complaint, the plaintiff states that this action is brought pursuant to § 17a-541, which provides that a psychiatric disabilities patient shall not be deprived of any civil rights. In his prayer for relief, the plaintiff seeks damages under § 17a-550, which permits any person aggrieved by a violation of §§ 17a-540 to 17a-549 to bring a civil action for damages. Counts six and seven allege violations of the plaintiff's civil rights. Accordingly, with respect to counts six and seven, the court will treat §§ 17a-541
and 17a-550 as the authority for the plaintiff's claims for monetary damages against the defendants in their official capacities.
Lastly, the defendants argue that the plaintiff's claim for damages against them in their official capacities under 42 U.S.C. § 1983 is barred by the doctrine of sovereign immunity. Section 1983 "provides a civil claim for damages against any person, who acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach,165 F.2d 137, 149 (2d Cir. 1999). "[N]either a State nor its officials acting in their official capacities are persons under § 1983." (Internal quotation marks omitted.) Will v. Michigan Dept. of StatePolicy, 491 U.S. 58, 71 (1989). Accordingly, the plaintiff may not seek money damages from the defendants in their official capacities under § 1983.
Conclusion
For the reasons herein stated, to the extent that the plaintiff seeks relief from the defendants in their individual capacities under §17a-550, and to the extent that the plaintiff seeks to recover money damages from the defendants in their official capacities under § 1983, the defendants' motion to dismiss is granted.
It is so ordered.
By the court,
Gordon, J. CT Page 6330