[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 7857 RE: MOTION TO DISMISS (#116)
 FACTS
This action arises out of an automobile accident that occurred on July 11, 1997. The plaintiff, Brenda Petro, alleges that she was injured when an automobile driven by Adam Platko (Platko), in which she was a passenger, was in a collision with an automobile driven by the defendant, Barbara Gonsor (Gonsor). On July 15, 1998, the plaintiff filed a single count negligence complaint against the defendant, Gonsor. Gonsor timely served an apportionment complaint on Platko on November 16, 1998, with a return date of December 29, 1998. On April 15, 1999, the plaintiff filed an amended complaint, in which she adds a negligence claim against Platko. The plaintiff certified therein that a copy of the amended complaint was sent to the defendant, but did not indicate that the amended complaint was served on Platko or sent to him.
Platko's attorney filed appearances on January 5, 2000 and August 22, 2000. On August 22, 2000, Platko filed a motion to dismiss the claim asserted against him in the amended complaint on the grounds that the court lacks both personal and subject matter jurisdiction. The plaintiff filed an objection to the motion and both parties filed memoranda in support of their respective positions.
 DISCUSSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31.
Platko argues that the court does not have jurisdiction over him because the plaintiff did not serve the amended complaint upon him. In addition, Platko contends that the court does not have subject matter jurisdiction over the claims asserted against him in the amended complaint because the plaintiff did not file the amended complaint within sixty days of the return date of the apportionment complaint, as required by General Statutes § 52-102b (d). The plaintiff objects to the motion on the basis that it is untimely because it was not filed within thirty days of the date that Platko filed his initial appearance, as required by Practice Book § 10-30. The plaintiff also argues that the doctrine of laches bars Platko's jurisdictional challenge. Platko responds that his motion to dismiss is premised in part on lack of subject matter jurisdiction and thus is not untimely. He also asserts CT Page 7858 that the plaintiff cannot rely on the doctrine of laches.
Platko's assertion that the complaint was not properly served upon him contests the court's personal jurisdiction over him. "It is fundamental that jurisdiction over a person can be obtained by waiver." Pitchell v.Hartford, 247 Conn. 422, 428, 722 A.2d 797 (1999). Pursuant to Practice Book §§ 10-30[1] and 10-32[2], a party contesting the personal jurisdiction of the court may do so in a motion to dismiss, but the motion must be filed within thirty days after the party files his appearance: Pitchell v. Hartford, supra, 247 Conn. 432-33. "The rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book §10-6. . . .Thus, thirty-one days after the filing of an appearance . . . a party is deemed to have submitted to the jurisdiction of the court. Any claim of insufficiency of process is waived if not sooner raised." (Emphasis in original.) Id., 433. Here, Platko filed his initial appearance on January 5, 2000, but did not file his motion to dismiss until August 22, 2000. Therefore he has waived his claim that the court lacks personal jurisdiction over him.
Platko argues that his assertion that the amended complaint was not timely filed contests the court's subject matter jurisdiction and thus has not been waived. "Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver. (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4-5,675 A.2d 845 (1996); see also Practice Book § 10-33.[3] "[A] claim that this court lacks subject flatter jurisdiction [may be raised] at any time. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceeding." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,878-88, 712 A.2d 396, cert. denied, 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998).
In addressing the question of whether a statute of limitations implicates a court's subject matter jurisdiction, the Connecticut Supreme Court has explained, "[a] statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action . . . Where, however, a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not on the remedy alone. . . . CT Page 7859 The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Citations omitted; internal quotation marks omitted.) Ecker v. West Hartford, 205 Conn, 219, 231-32,530 A.2d 1056 (1987).
General Statutes § 52-102b (d) provides: "Notwithstanding any applicable statute of imitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." Although the Appellate and Supreme Court have not ruled on the issue of whether the time limitations of General Statutes § 52-102b are mandatory or directory, and thus subject to waiver, "[t]he great majority of Superior Court cases that have considered the matter, [however] have concluded that a court lacks jurisdiction over an apportionment claim not served within 120 days of the return date of the original complaint [as required by § 52-102b (a)]. . . . The result is the same when the plaintiff fails to serve the complaint upon the apportionment defendants within sixty days of the return date of the apportionment complaint [as required by § 52-102b (d)]. . . . [Because] the majority of the courts have been strictly enforcing the 120-day statutory limit for original defendants who wish to serve apportionment complaints, it would be somewhat anomalous not to similarly enforce the sixty day limit for plaintiffs who wish to plead over claims against apportionment defendants. . . . Therefore, this court finds that the time limitation in § 52-102b (d) is mandatory and not directory." (Internal quotation marks omitted.) Perazelli v. Tilcon Connecticut, Inc., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 154903 (November 6, 2000, Rogers, J.). Thus, Platko's assertion that the plaintiff failed to comply with § 52-102b (d) implicates the court's subject matter jurisdiction. Accordingly, Platko has not waived his claim that the amended complaint was untimely.
Section 52-102b (d) expressly requires that a plaintiff who intends to assert a claim against an apportionment defendant must do so within sixty days of the return date on the apportionment complaint. "General Statutes § 52-102b (d) is intended to provide a plaintiff a relatively short period of time, sixty days, in which to institute an action against a party about whom the plaintiff may have been unaware until the apportionment complaint was filed. Once a plaintiff is alerted to the existence of a potential, additional tortfeasor, the remedial goal of [§] 52-102b (d) is achieved." (Citations omitted.) Boland v. Frye, Superior Court judicial district of Hartford/New Britain at New Britain, CT Page 7860 Docket No. 483093 (October 8, 1998, Leheny, J.); see also McQueen v.Sielev Associates, Superior Court, judicial district of Windham at Putnam, Docket No. 55418, (November 17, 1997, Sferrazza, J.) (20 Conn.L.Rptr. 665). A plaintiff who receives notice of the apportionment complaint but fails to file an amended complaint within sixty days of the return date thereof, is barred from filing claims against the apportionment defendant. McQueen v. Sielev Associates, supra,20 Conn.L.Rptr. 666; see also Becker v. Cody, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348815 (March 31, 1999, Nadeau, J.) (24 Conn.L.Rptr. 323).
In this case, the return date on the apportionment complaint was December 29, 1998. The plaintiff did not file the amended complaint until April 15, 1999, more than 100 days later. The certification portion of the apportionment complaint indicates that a copy was sent to the plaintiff's attorney.
Furthermore, it is submitted that the doctrine of laches does not apply in these circumstances. "Laches consists of an inexcusable delay which prejudices the defendant." (Internal quotation marks omitted.) Farmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341, 350, 579 A.2d 1054
(1990). Laches consists of two elements. "First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the plaintiff]." Id.
In the present case, the plaintiff cannot satisfy the first element of laches because she has not shown that Platko's actions were inexcusable under the circumstances. Platko's attorney filed an affidavit in which he attested that he did not discover that the plaintiff had filed an amended complaint until August 3, 2000. The plaintiff does not offer any evidence to dispute this assertion, nor does she dispute Platko's attorney's statement that he did not receive a copy of the amended complaint until August 3, 2000.
The apportionment defendant waived his claim that the court lacks personal jurisdiction over him. However, the court lacks subject matter jurisdiction over the claims asserted against the apportionment defendant in the amended complaint for the failure to comply with the sixty day time period set forth in General Statutes § 52-102b(d). Accordingly, by the Motion to Dismiss is granted.
By the Court,
Rush, Judge