[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding is a motion to dismiss an application for a temporary injunction to maintain the status quo between the parties during the pendency of a dispute before the State Board of Labor Relations. The plaintiff is Local 1739, International Association of Firefighters, and the defendants are the town of Ridgefield and the town of Ridgefield Fire Department. On June 26, 2001, the plaintiff brought a complaint to the Labor Relations Board alleging that the defendants abrogated the terms of a collective bargaining agreement by changing the qualifications necessary to become a captain by requiring that only lieutenants would be permitted to take the promotional examination for captain. The captain test was to be held on August 8, 2001.[1]
It is undisputed that the action before the Board of Labor Relations is still pending and that on July 4, 2001, the plaintiff filed the present CT Page 13596 action for a temporary injunction. On August 27, 2001, the defendants filed the present motion to dismiss for lack of subject matter jurisdiction.
The parties appeared in court on September 4, 2001, and were prepared to go forward with the temporary injunction hearing at that time. However, in order to resolve the challenge to its jurisdiction posed by the defendants' motion to dismiss, the court declined to hold the hearing. Figueroa v. C S Ball Bearing, 237 Conn. 1, 4 (1996) ("[o]nce the question of lack of jurisdiction of a court is raised . . . the court must fully resolve it before proceeding with the case.").
The defendants argue that the plaintiff failed to exhaust its administrative remedies, thereby depriving this court of subject matter jurisdiction. In response to this challenge, the plaintiff argues that this action falls within established exceptions to the exhaustion doctrine. It also argues, in the alternative, that § 31-115 of the General Statutes confers subject matter jurisdiction to the court.
"Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown, 245 Conn. 657, 676
(1998). "The [exhaustion] doctrine is applied in a number of different situations and is, like most judicial doctrines, subject to numerous exceptions. . . . [W]e have recognized such exceptions only infrequently and only for narrowly defined purposes . . . such as when recourse to the administrative remedy would be futile or inadequate. In light of the policy behind the exhaustion doctrine, these exceptions are narrowly construed." (Brackets in original; citations omitted; internal quotation marks omitted.) Fish Unlimited v. Northeast Utilities Service Co.,254 Conn. 1, 13 (2000).
The defendants assert that the Municipal Employees Relations Act (MERA), §§ 7-467 through 7-477 of the General Statutes, provides an adequate remedy for the plaintiff, thereby depriving this court of jurisdiction. The plaintiff acknowledges the general rule of exhaustion, but contends that this action falls within the futility and inadequacy exceptions to the exhaustion doctrine. According to the plaintiff, the Labor Relations Board is unable to preserve the status quo in a reasonable time.
Section 7-471 (5)(E) of the General Statutes authorizes the Board to issue cease and desist orders, "[i]f, by the thirtieth day following the CT Page 13597 date on which a complaint citing a violation of section 7-470 was made to the board, said board has not determined whether a prohibited practice has been or is being committed and if the violation is of an ongoing nature, said board may issue and cause to be served on the party committing the act or practice cited in such complaint an order requiring such party to cease and desist from such act or practice until said board has made its determination." Upon the receipt of such a request, the Board must hold a hearing on the cease and desist order within ten days, and issue its decision within twenty days of the hearing. Regs., Conn. State Agencies § 7-471-36.
The plaintiff brought its complaint to the Board on June 26, 2001. The captain test was to be administered on August 8, 2001. Even if the plaintiff had requested a cease and desist order on June 26, it would not have had a hearing on the cease and desist order until August 3, and the Board might not have issued its decision until August 23, fifteen days after the captain test was to be held. Therefore, the court concludes that it would have been futile for the plaintiff to have sought such a cease and desist order in this instance.
The plaintiff further claims that § 31-115 of the General Statutes provides an additional basis upon which jurisdiction will rest in this case, even if the exhaustion doctrine required dismissal. Because the court concludes that the plaintiff cannot be deemed to have failed to exhaust its administrative remedies, resolution of the issue of whether § 31-115 provides an independent basis for jurisdiction in an action for a temporary injunction in a labor dispute is unnecessary.
For the foregoing reasons, the motion to dismiss is hereby denied.
Moraghan, J.T.R.