[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 179)
Before the court is the defendant Junior Achievement of Western Connecticut, Inc.'s Motion to Dismiss Count Two of the Amended Complaint for lack of subject matter jurisdiction. The complaint alleges the following facts. On or about December 2, 1991, the plaintiff, John Duncan, was hired by the board of directors of Junior Achievement of Western Connecticut, Inc. (Western) as its president. Western's office is located in Bridgeport, Connecticut. Junior Achievement, Inc. (National) is the parent company and national headquarters of Western. National's office is located in Colorado Springs, Colorado. On January 17, 1995, the plaintiff was discharged by Western.
On January 5, 1999, the plaintiff filed a twenty-seven count amended complaint against Western and National, alleging, inter CT Page 2421 alia, violations of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 et seq. Western has submitted a memorandum in support of its motion to dismiss count two and the plaintiff has filed a memorandum in Opposition thereto.
"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407,410-11, 722 A.2d 271 (1999). In addition to asserting lack of jurisdiction over the person, "[t]he motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 646 n. 13, 668 A.2d 1314 (1995) "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.)Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845
(1996). "[0]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) Castro v. Viera, 207 Conn. 420, 429,541 A.2d 1216 (1988). "Where, however . . . the motion's accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
In support of its motion to dismiss count two of the plaintiff's amended complaint, Western argues that the ADEA applies only to employers with at least twenty employees. Western argues that because it has never had twenty or more employees the jurisdictional requirements of the ADEA have not been satisfied. Western also argues that it and National are not a "single employer" for ADEA purposes. Moreover, Western argues that it and National are separate entities under the four-factor test adopted by the Second Circuit to determine whether the employees of related entities may be combined to satisfy the ADEA's numerosity requirement. Western also relies on the October 15, 1999 decision CT Page 2422 of the court, Skolnick, J., finding no sufficient identity of interest between Western and National. Consequently, Western argues that because it is not an "employer" under the ADEA, this court lacks subject matter jurisdiction.
Western relies upon a previously filed affidavit by its president, Charles Priddle, for the following additional facts. Priddle avers that: Western sets its own budget, hiring and firing policies, and controls its own operations in accordance with its bylaws; Although National provides advice and shared benefit programs, it is at the option of the local chapters to participate; A franchise fee is paid to National to operate the Junior Achievement program, however, Western is neither controlled nor managed by National; and throughout his fourteen-year tenure, Western has had between five and six employees.
In response, the plaintiff argues that a common identity exists between National and Western under the applicable four-factor test. The plaintiff relies upon several indications of common identity including: the Internal Revenue Service's (IRS) classification of National's local organizations with one group tax-exemption; National's human resources department promulgating the employment policies and decisions of the local offices by, for example, suggesting salary ranges and providing a human resources manual; National's involvement in responding to an EEOC complaint filed against Western; and National's portrayal of itself and its local chapters as a single employer for both group health insurance and commercial general liability purposes. The plaintiff further argues that National portrays itself and its local chapters as one non-profit organization to the IRS and the public. Moreover, the plaintiff argues that the court's analysis of the administrative notice issue in its October 15, 1999 decision is not relevant to the analysis under the four-factor integrated enterprise test because the factors to be analyzed are dissimilar and the two tests seek different results.
Section 623(a) of the ADEA provides in pertinent part: "It shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . ." The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar CT Page 2423 weeks in the current or preceding calendar year . . . ."29 U.S.C.A. § 630(b) (West 1998). "Person" is defined as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons."29 U.S.C.A. § 630(a) (West 1998).
"The [ADEA] is considered remedial in nature and must be given a liberal interpretation in order to effectuate its purposes. . . . Its language demonstrates a single congressional aim — to prohibit age discrimination by employers against employees and applicants for employment. . . . A plain reading of the ct indicates that its protection extends only to those individuals who are in a direct employment relationship with an employer, and that a claim under its provisions lies solely in favor of a person who is an employee at the time of termination."Hyland v. New Haven Radiology Associates, P.C., 794 F.2d 793, 796
(2d Cir. 1986).
"The Second Circuit, following the trend of the Fifth, Sixth, and Eighth Circuits, has adopted the four-part test for determining when two entities are sufficiently interrelated for an employee to hold both entities liable under [the ADEA]. . . . Under this test [a] parent and a subsidiary cannot be found to represent a single, integrated enterprise in the absence of evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. . . .
"In assessing these factors . . . courts should focus their analysis on the second factor: centralized control of labor relations. . . . The critical question to be answered is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?" (Citations omitted; internal quotation marks omitted.) Herman v. BlockbusterEntertainment Group, 18 F. Sup.2d 304, 309 (S.D.N.Y. 1998), aff'd,182 F.3d 899 (2d Cir. 1999).[1] "[T]he policy underlying the single employer doctrine is the fairness of imposing liability for labor infractions where two nominally independent entities do not act under an arm's length relationship. . . . That policy is most implicated where one entity actually had control over the labor relations of the other entity, and, thus, bears direct responsibility for the alleged wrong." (Citation omitted.) Murrayv. Miner, 74 F.3d 402, 405 (2d Cir. 1996). CT Page 2424
In the present case, both the plaintiff and Western rely upon facts which are not alleged in the complaint to support their respective legal positions. In addition, the facts averred to by Priddle are inadequate because they do not resolve the genuine issues of fact. "A motion to dismiss may . . . raise issues of fact and would, therefore, require a . . . hearing [to determine the facts]. . . . [A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists. . . . In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. . . . When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citations omitted; internal quotation marks omitted.) Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 56,459 A.2d 503 (1983).
The court finds that a hearing is necessary in the present case because there are insufficient facts to determine whether National and Western are an integrated enterprise thereby satisfying the numerosity requirements of § 630 of the ADEA. Therefore, the court declines to reach a decision on Western's Motion to Dismiss until a trial-like hearing is held. SeeStandard Tallow Corp. v. Jowdy, supra, 190 Conn. 56.
Accordingly, the court reserves judgment on Western's motion to dismiss until a hearing is held to determine whether the court has subject matter jurisdiction over count two of the plaintiff's amended complaint.
SKOLNICK, J.