[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MORANDUM OF DECISION ON MOTION TO DISMISS (#103)
Factual and Procedural Background
The pro se plaintiff, James Harris, is a patient at the Whiting Forensic Division of the Connecticut Valley Hospital in Middletown, Connecticut (Whiting). On September 8, 1999, he filed a complaint against the defendants: Keith Scott, Unit Psychiatrist at Whiting; Denise Ribble, Assistant Director of Whiting; Laura Curry, Lead Forensic Treatment Specialist at Whiting; and Georgia Hutchinson, a first shift nurse at Whiting, in their individual and official capacities.
The complaint alleges the following facts. On June 7, 1999, the defendants Keith Scott and Denise Ribble prescribed a treatment plan that prohibited the plaintiff from talking to other Whiting residents. The treatment plan provided that if the plaintiff talked to other residents or talked in public that he would be placed in seclusion. On June 7, 1999 CT Page 8119 and June 8, 1999, the defendants Curry and Hutchinson placed the plaintiff in seclusion for talking in a hallway. The complaint further alleges that each defendant acted in a willful, wanton and reckless manner and acted jointly and in concert with each other.
The complaint consists of six counts. Counts one through three allege violations of the patients' bill of rights, General Statutes § 17a-540, et seq. Specifically, counts one through three allege violations of §§ 17a-541, 17a-542, and 17a-544, respectively.[1] Count four alleges a violation of Article First, Section 4 of the Connecticut Constitution.[2] Count five alleges a violation of the of theFirst Amendment to the United States Constitution and count six alleges a violation of the Fourteenth Amendment to the United States Constitution.
In his prayer for relief, the plaintiff requests: a permanent injunction that the defendants cease and desist from prescribing treatment plans that prohibit him from speaking to other residents and to stop placing him in seclusion for exercising his right to free speech; damages under General Statutes § 17a-550 and 42 U.S.C. § 1983 for the defendant's alleged deprivation of his civil rights; and a declaratory judgment holding that the defendants violated his civil rights.[3]
The defendants move to dismiss the plaintiffs complaint on the ground that the court lacks subject matter jurisdiction.[4] For the reasons stated below, the court grants the defendant's motion to dismiss to the extent that the plaintiff seeks to recover money damages from the defendants in their official capacities under § 1983 and to the extent that the plaintiff seeks relief from the defendants in their individual capacities under § 17a-550.
Standard
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . ." (Citations omitted; internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Brackets in original; citation omitted; internal quotation marks omitted.) Figueroa v. CS Ball Bearing, 237 Conn. 1, CT Page 8120 4, 675 A.2d 845 (1996).
Discussion
In their supporting memorandum of law, the defendants argue that the doctrine of sovereign immunity bars the plaintiffs claims for monetary relief against them in their official capacities because the plaintiff has not asserted that he received permission from the claims commissioner to sue the state for monetary damages, nor do said counts cite to a statute that expressly waives the state's sovereign immunity. Counts one through three specifically allege violations of the patients' bill of rights and, therefore, are not barred by the doctrine of sovereign immunity as § 17a-550 of the patients' bill of rights expressly waives the state's sovereign immunity.
Moreover, with respect to counts four through six, the preliminary statement portion of the complaint clarifies that this action is brought pursuant to § 17a-541, which provides that a psychiatric disabilities patient shall not be deprived of any civil rights. Additionally, the prayer for relief seeks damages under § 17a-550, which permits any person aggrieved by a violation of §§ 17a-540 to 17a-549 to bring a civil action for damages. Counts four through six allege violations of the plaintiffs civil rights. Accordingly, for counts four through six, considering that the plaintiff is a pro se party, the court will treat §§ 17a-541 and 17a-550 as the authority for the plaintiffs claims for monetary damages against the defendants in their official capacities.
The defendants further argue that the plaintiffs claim for damages against them "in their official capacities under 42 U.S.C. § 1983 is barred by the doctrine of sovereign immunity. Section 1983 "provides a civil claim for damages against any person, who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach,165 F.2d 137, 149 (2d Cir. 1999). "[N]either a State nor its officials acting in their official capacities are persons under § 1983." (Internal quotation marks omitted.) Will v. Michigan Dept. of StatePolice, 491 U.S. 58, 71 (1989). Accordingly, the plaintiff may not seek money damages from the defendants in their official capacities under § 1983.
Lastly, the defendants argue that the plaintiffs claims for relief against them in their individual capacities under § 17a-550 are improper because such claims can only be brought against the state, not state employees in their individual capacities. The defendants further argue that these claims must fail because the allegations do not CT Page 8121 demonstrate that they acted in a wanton, reckless or malicious manner necessary to overcome their immunity under General Statutes §4-165.[5]
There is no personal or individual liability of state employees created by § 17a-550. See Bradley v. Central Naugatuck Valley Help, Superior Court, judicial district of Waterbury, Docket No. 126436 (February 20, 1997, Vertefeuille, J.). Under § 4-165, however, a state employee may be liable in his individual capacity for a violation of § 17a-550 if the employee's actions are wanton, reckless or malicious.
Wanton, reckless and malicious conduct demonstrates "a state of conscious with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more then a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Brackets in original; citations omitted; internal quotation marks omitted.) Elliot v. Waterbury, 245 Conn. 385, 415,715 A.2d 27 (1998).
The plaintiff alleges that he was prohibited from talking to other Whiting residents and that each defendant acted in a willful, wanton and reckless manner and, further, that each defendant acted jointly and in concert with each other. Construing the allegations in the manner most favorable to the plaintiff, the complaint fails to allege facts sufficient to show that the defendants acted in a wanton, reckless or malicious manner. "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46,492 A.2d 219 (1985).
Furthermore, Whiting is a maximum security facility that renders treatment to persons with psychiatric disabilities who are considered to be dangerous to themselves or others. See General Statutes § 17a-561. The plaintiff is a patient acquittee at Whiting who admitted to committing criminal acts, but was adjudicated not guilty of criminal charges because he was found not to have the capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law. See General Statutes § 53a-13 (a). Typically, the courts have granted broad discretion to health care professionals regarding the appropriate CT Page 8122 treatment plans for patients at facilities such as Whiting. See Mahoneyv. Lensink, 213 Conn. 548, 566-67, 569 A.2d 518 (1990). Accordingly, the allegations fail to demonstrate that the defendant's conduct was wanton, reckless, or malicious, and, therefore, the defendants, as individuals, are protected from the plaintiffs claims for relief under § 17a-550
by § 4-165. Consequently, to the extent the plaintiff seeks to recover against the defendants in their individual capacities under § 17a-550, the motion to dismiss is granted.
Conclusion
For the reasons herein stated, to the extent that the plaintiff seeks to recover money damages from the defendants in their official capacities under § 1983 and to the extent that the plaintiff seeks relief from the defendants in their individual capacities under § 17a-550, the defendant's motion to dismiss is granted.
It is so ordered.
By the court,
Gordon, J.