[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' (WES-MAR CONCRETE CONSTRUCTION, INC. AND JOSEPH BELANGER) MOTION TO DISMISS THE APPORTIONMENT COMPLAINT (#229)
This litigation arises out of construction of an industrial building and golf driving range in Middletown, Connecticut on property owned by the plaintiff Tricon International Ltd. (Tricon). Tricon commenced this action on or about May 11, 1998, against a number of defendants, including the defendant Girard Company Engineers (Girard), to recover damages allegedly incurred as a result of defective construction. Girard brought an apportionment complaint[1] against Wes-Mar Concrete Construction, Inc. and Joseph Belanger (Wes-Mar and Belanger), as well as A A Concrete, Inc. and Hibbard Rosa Architects, LLC. The apportionment defendants Wes-Mar and Belanger have moved to dismiss the apportionment complaint for lack of jurisdiction because it was not served on them within 120 days of the return date specified in the plaintiff's original complaint.
There is no dispute that the return date on the original complaint is May 26, 1998, that the apportionment complaint was served on Wes-Mar and Belanger on September 25, 1998, and that such service was outside of the 120-day period referenced in General Statutes § 52-102b. Wes-Mar and Belanger concede that Tricon delivered the apportionment complaint to a sheriff on September 23, 1998, which was within the 120-day period; nevertheless, they contend that because it was not served on them until September 25, 1998, the court lacks subject matter jurisdiction over this untimely-served complaint.
Girard has not contested the motion to dismiss the apportionment complaint; Tricon, however, has filed an objection to the motion. Tricon's objection relies on the savings statute found in General Statutes § 52-593a, providing in pertinent part that "a cause or a right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to CT Page 14631 be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law and the process is served, as provided by law, within fifteen days of the delivery." General Statutes § 52-593a(a).
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court. . . ." (Citation omitted; internal quotation marks omitted). Upson v. State, 190 Conn. 622, 624 n. 4,461 A.2d 992. (1983). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
There is no Connecticut Supreme or Appellate Court decision addressing the jurisdictional nature of the 120-day rule found in General Statutes § 52-102b. However, the majority of superior court judges have ruled that the § 52-102b 120-day time period is jurisdictional, mandatory, and not subject to waiver. See Ortiz v. Bridgeport Hospital, Superior Court, judicial district of New London at New London, Docket No. 547104 (February 24, 2000, Corradino, J.); Bednarz v. Svindland, Superior Court, judicial district of New Haven at New Haven, Docket No. 425935 (June 12. 2000, Alander, J.); Precision Electronic Assembly v. Goodman, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 63451 (July 5, 2000, Arnold, J.); Tine v. Baker, Superior Court, judicial district of New London at Norwich, Docket No. 116645 (March 27, 2000, Hurley, J.); and Wheaton v. Boothroyd, Superior Court, judicial district of Tolland at Rockville, Docket No. 70976 (October 3, 2000,Sferrazza, J.). Contrary authority is found in Mayfield v. Colagiovanni, Superior Court, judicial district of New Haven at New Haven, Docket No. 390493 (May 6, 1999, Hurley, J.) and Ketchale v. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 15, 1998, Levin,J.) (22 Conn.L.Rptr. 418).
The court is persuaded by the reasoning set forth in the decisions of Judge Corradino in Ortiz v. Bridgeport Hospital and Judge Sferrazza inWheaton v. Boothroyd. Apportionment among tortfeasors was unknown to our common law. Statutes that abrogate common law are strictly construed.Alvarez v. New Haven Register, Inc., 249 Conn. 709, 715, 735 A.2d 306
(1999).
The court finds that the 120-day limitation period found in General Statutes § 52-102b is jurisdictional. It is not subject to application of the savings statute found in General Statutes § 52-592. The motion to dismiss the apportionment complaint against Wes-Mar and Belanger (#229) is granted. CT Page 14632
ROBERT F. McWEENY, J.