[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE:
CT Page 258 DEFENDANTS' MOTION TO DISMISS (#106)
The plaintiffs in this case are Fairfax Properties, Inc. (Fairfax), Mark Lyons and Dana Lyons O'Connor.[1] Fairfax is a company owned by more than twenty members of the Lyons family. The plaintiffs Mark Lyons and Dana Lyons O'Connor are individual directors and shareholders of the company.
In the first count of the complaint, Fairfax seeks the removal of the defendant directors Christopher Lyons and William Lyons, Sr., pursuant to General Statutes § 33-743a. Fairfax claims in the second count of the complaint that the defendant directors have breached their fiduciary duty to the company. The third count is asserted by the individual plaintiffs, who claim breach of fiduciary duties owed by the defendant directors to the plaintiff directors. The defendant directors have moved to dismiss the entire complaint on the basis that the court lacks subject matter jurisdiction. The plaintiffs have opposed the motion.
The following facts are derived from the complaint and the exhibits attached to the moving papers. Until June of 1999, Fairfax was a wholly owned subsidiary of the Bilco Company (Bilco). Bilco was formed more than seventy years ago by George W. Lyons, Sr. Bilco was operated as a family business; however, conflicts that arose over the operation, management and goals of Bilco resulted in the decision to divide its assets, one of which, as noted, was Fairfax. Effective June 21, 1999, Fairfax ceased to exist as a subsidiary of Bilco, and its ownership was transferred to the families of three of the sons of George W. Lyons, Sr., namely, George Lyons, Jr., William Lyons, Sr. and Edward Lyons, Sr. The plaintiffs Mark Lyons and Dana Lyons O'Connor are the children of George Lyons, Jr. The defendant William Lyons is the son of George Lyons, Sr. and brother of George Lyons, Jr. The defendant Christopher Lyons is the grandson of George Lyons, Sr. and the son of Edward Lyons, Sr. The six directors of Fairfax include the plaintiffs, the defendants, Kathleen Serio (the daughter of William Lyons), and Peter Lyons, the son of Edward Lyons. Incidently, the directors Kathleen Serio and Peter Lyons are not parties to this litigation, although Ms. Serio executed an affidavit attached as exhibit 1 in support of the motion to dismiss.
Fairfax itself has joined the defendants in seeking the dismissal of the complaint on the basis that this suit was not instituted by an authorized person. By corporate resolution adopted February 25, 2000, (attached as exhibit 1A to the motion to dismiss), Fairfax declared that the commencement of this litigation was unauthorized and not for the benefit or in the interest of the corporation. Separate legal counsel was CT Page 259 engaged to seek its dismissal. The resolution was adopted by a majority vote of four directors in favor and two opposed.
The plaintiffs rely on a June 21, 1999, corporate resolution as the source of their authority to maintain this action. That resolution empowers each of the brothers and the son of George W. Lyons, Sr. (William C. Lyons, Sr., George W. Lyons, Jr. and Edward F. Lyons "acting individually or collectively") to take "any and all action as is necessary on behalf of the company to implement" each of the other June 21st resolutions. The plaintiffs claim that this lawsuit, as instituted by George Lyons, Jr. on behalf of Fairfax, is necessary to ensure the selection of a seventh director in accordance with the June 21st resolution, also referred to as the BOD Term Sheet.[2] The resolution requires that the six family board members shall "unanimously appoint one (1) board member who is not related through blood or marriage to any of the shareholders, and the person so appointed must be a professional, knowledgeable and experienced in the business of the Company (the `Outside Director')." Apparently, there has been some disagreement among the directors because the appointment has never been made. The plaintiffs brought this action to remove the defendant directors so that the appointment may be made without the defendants' participation.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court. . . ." (Citation omitted; internal quotation marks omitted.) Upson v. State, 190 Conn. 622. 624 n. 4,461 A.2d 991 (1983). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v.CS Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). A court lacks subject matter jurisdiction over claims brought in the name of a corporation when the action is instituted by an unauthorized officer.Community Collaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546,557, 698 A.2d 245 (1997)
The defendant directors argue in their motion to dismiss that this suit has not been authorized either by the corporation or by its directors, relying for support on the February 25, 2000, board resolution stating that the majority of Fairfax directors have determined this suit unauthorized. The defendant directors also contend that the BOD Term Sheet does not contain any language authorizing a minority of one brother to impose his will on the majority.
Clearly, the BOD Term Sheet was intended to address the anticipated procedural needs of the corporation during its transition from a CT Page 260 subsidiary of Bilco to an independent company, and was not intended to serve as a continuing source of authority. The limited utility of the BOD Term Sheet is apparent from the affidavit of its author, Attorney Mario J. Zangari (attached as exhibit C to the reply memorandum of law in support of motion to dismiss). The document was drafted to facilitate the closing, settlement and reorganization of the Bilco Company and the distribution of Fairfax stock to the settling shareholders. Pursuant to the BOD Term Sheet, a settlement agreement was executed, shares of stock were issued, and the Fairfax board was empowered to act.
Inasmuch as the claims presented in the first and second counts of the complaint are not authorized by any document relied upon by the plaintiffs, the court lacks jurisdiction to hear them.
The defendant directors also have moved to dismiss the individual plaintiffs' claims asserted in count three of the complaint, wherein the plaintiffs allege that the defendant directors have breached their fiduciary duties to their co-directors, who consequently have been prevented from carrying out their own obligations to the company. The plaintiffs clarify this claim in their moving papers, suggesting at page 23 "that the point of the third count is to obtain necessary corporate information that the defendants have refused to provide to them. The plaintiffs argue that their authority9 to seek this information in a civil action arises from their fiduciary obligation to Fairfax and its shareholders, citing Ostrowski v. Avery, 243 Conn. 355, 363, 703 A.2d 117
(1997) and General Statutes § 33-756.
The plaintiffs are not authorized, however, to bring such an action in their capacity as directors. The Connecticut Supreme Court held inCommunity Collaborative of Bridgeport v. Ganim, supra, 241 Conn. 558, that an individual director may not initiate an action on behalf of a corporation unless the board of directors is deadlocked and the need for action to preserve corporate assets is urgent. There is no evidence before the court demonstrating that the Fairfax board is experiencing a deadlock with respect to the issues underlying this case.
The removal of corporate directors by judicial proceeding is authorized by General Statutes § 33-743, providing that such a proceeding may be commenced by the corporation or by its shareholders holding at least ten per cent of the outstanding shares of the company. In this case, a corporate resolution expressly states that this lawsuit is not authorized; in addition, there is no evidence before the court demonstrating that the plaintiffs own ten percent of the outstanding shares in Fairfax. Consequently, the court has no authority to hear the plaintiffs' claims in this proceeding. CT Page 261
"The motion to dismiss (#106) is granted. The clerk shall enter a judgment of dismissal.
ROBERT F. McWEENY, J.