[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a binder agreement between the plaintiff, Thomas Myslow, and the defendants, Heritage Marine Insurance Agency, LLC (Heritage); Fitzpatrick Agency, Inc. (Fitzpatrick Agency); and Paul R. Fitzpatrick (Fitzpatrick), to insure the plaintiff's boat, the Richard 36. According to the plaintiff's amended complaint dated April 20, 2000, on March 5, 1999, Heritage, through its agents, Fitzpatrick and the CT Page 3272 Fitzpatrick Agency, provided the plaintiff with a written binder in which it agreed to insure the plaintiff's boat for damage. On April 24, 1999, the plaintiff's boat was allegedly damaged, and the plaintiff demanded payment from the defendants pursuant to the terms of the binder. Heritage refused to pay the plaintiff's claim.
On February 21, 2000, the plaintiff brought this action against the defendants, alleging, inter alia, breach of contract and negligence. Heritage now moves for summary judgment as to count one of the plaintiff's amended complaint on the grounds that: (1) Fitzpatrick and the Fitzpatrick Agency were not its agents with respect to the plaintiff, and (2) Heritage did not agree to provide a binder for the plaintiff, and therefore, it is not liable for the damage to the plaintiff's boat. In response, Fitzpatrick and the Fitzpatrick Agency filed an objection to the defendant's motion and a memorandum in support thereof. The plaintiff did not file an objection.
As an initial matter, Heritage claims that Fitzpatrick and the Fitzpatrick Agency lack standing to object to its motion for summary judgment. The court notes that Heritage has not briefed this issue nor has it offered any authority for its position; nevertheless, the court will address its claim.
"[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." StamfordHospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of . . . and the court must fully resolve it before proceeding further with the case. . . ." (Brackets in original; internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
In Lawrence v. Crawford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 511514 (April 26, 1995,Corradino, J.) (14 Conn.L.Rptr. 146), the court examined the issue of whether a defendant has standing to object to a motion for summary judgment filed by a codefendant. The court held that "the status of a "party' as a co-defendant [does not preclude] it from resisting a motion for summary judgment filed by a co-defendant." Lawrence v. Crawford, supra, 14 Conn.L.Rptr. 147; see also Robertson v. Delsanto, Superior Court, judicial district of Hartford at Hartford, Docket No. 578887 (December 9, 1999, Teller, J.). The court reasoned: "Where a defendant in his motion claims fault does not lie with him or her but with a co-defendant, the latter party certainly has a direct interest in the motion. . . . On the other hand, the fact that a defendant is a "party' [does] not necessarily mean that defendant has a right to oppose a CT Page 3273 co-defendant's motion for summary judgment." Id. "The question should really be resolved by the facts of a particular case as to whether a co-defendant has standing in this situation." Id.
This court agrees with the facts and circumstances test, as articulated in Lawrence v. Crawford, supra, 14 Conn.L.Rptr. 146, for determining whether a codefendant has standing to object to a defendant's motion for summary judgment.[1] Therefore, in order for Fitzpatrick and the Fitzpatrick Agency to have standing to challenge Heritage's motion under the facts of this case, they must have a direct interest in the motion and the motion must have the potential to adversely affect their interests in the present action.
In the present case, the defendants are arrayed on opposite sides of the two issues at the heart of Heritage's motion for summary judgment, namely, whether Fitzpatrick and the Fitzpatrick Agency were Heritage's agents with respect to the plaintiff, and whether Heritage agreed to provide a binder for the plaintiff. Indeed, the defendants have brought cross claims which place them in an adversarial posture to each other with respect to these issues. Furthermore, in its motion, Heritage claims that fault does not lie with it, but rather with the codefendants. Thus, Heritage's motion has the potential to adversely affect Fitzpatrick and the Fitzpatrick Agency in the present action. Therefore, based on the circumstances of this case, the court concludes that the interests of Fitzpatrick and the Fitzpatrick Agency in Heritage's motion rises to the requisite level of adverseness to confer standing to oppose Heritage's motion for summary judgment.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000).
Heritage's first ground for summary judgment, as to count one of the plaintiff's amended complaint, is that Fitzpatrick and the Fitzpatrick Agency were not its agents with respect to the procurement of insurance for the plaintiff's boat. In support of its motion, Heritage filed an CT Page 3274 affidavit of James T. Cassidy (Cassidy), a representative of Heritage. In his affidavit, Cassidy stated that "[t]he Fitzpatrick Agency was not an agent of Heritage at the time of the allegations of the complaint." (Cassidy Affidavit, ¶ 5.)
Fitzpatrick and the Fitzpatrick Agency contend that they were Heritage's agent with respect to the plaintiff and agency is a question of fact that cannot be adequately resolved by the court on a motion for summary judgment. In support of their contention, Fitzpatrick and the Fitzpatrick Agency filed an affidavit of Leslie Allaire, an employee of the Fitzpatrick Agency. In her affidavit, Allaire stated the following: "On or about February 22, 1999, I was contacted by the plaintiff, Thomas Myslow, who requested insurance coverage for his boat, the `Richard 36.' I subsequently contacted the defendant Heritage Marine Insurance Agency, LLC, which provided a quote for insurance coverage for the plaintiff's boat. After receiving the complete insurance application, photographs, survey and premium payment from the plaintiff, I spoke with an individual at Heritage Marine Insurance Agency, LLC who agreed that the requirements to bind coverage were met and that I could advise Mr. Myslow that coverage was bound. The insurance application, photographs, survey and premium payment were then faxed and mailed to Heritage Marine Insurance Agency, LLC on April 2, 1999, at their direction." (Allaire Affidavit, ¶¶ 3, 4, 5.)
The existence of agency is a question of fact unless no reasonable trier of fact could find actual or implied agency under the circumstances. Hallas v. Boehmke and Dobosz, Inc., 239 Conn. 658,673-75, 686 A.2d 491 (1997). Allaire's affidavit raises the inference that Fitzpatrick and the Fitzpatrick Agency acted as Heritage's agents, therefore, Heritage has failed to sustain its burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Caldrello v. Gordon, Superior Court, judicial district of New London at New London, Docket No. 533626 (January 9, 1998, Hurley, J.T.R.) (summary judgment denied because there was a genuine issue as to whether or not an agency relationship existed). Accordingly, Heritage's motion for summary judgment is denied as to this ground.
Heritage's second ground for summary judgment as to count one of the plaintiff's amended complaint is that because it did not agree to provide a binder for the plaintiff, it is not obligated to pay for the damage to the plaintiff's boat. In support of its argument, Heritage points to Cassidy's affidavit in which Cassidy states that "Heritage did not give permission to bind the Richard 36" and there was "no confirmation that a binder was written for the Richard 36 owned by Thomas Myslow." (Cassidy Affidavit, ¶¶ 6, 7.) These assertions are contradicted by Allaire's CT Page 3275 affidavit, which raises a genuine issue of material fact as to whether coverage for the plaintiff's boat was ever bound. Therefore, Heritage's motion for summary judgment is denied as to this ground.
Viewing the evidence in a light most favorable to the nonmoving party, the pleadings and supporting documentation show that there exists genuine issues of material fact as to each of Heritage's grounds for summary judgment. Accordingly, Heritage's motion for summary judgment is hereby denied.
White, J.